```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROYAL PARK INVESTMENTS SA/NA,

                           Plaintiff,           14-CV-08175 (LGS)(SN)

      -against-                       **ORDER**

HSBC BANK USA NATIONAL ASSOCIATION,

                          Defendant.
-----------------------------------------------------------------X
-----------------------------------------------------------------X

BLACKROCK BALANCED CAPITAL
PORTFOLIO (FI), et al.,

                         Plaintiffs,         14-CV-09366 (LGS)(SN)

      -against-

HSBC BANK USA,

                          Defendant.
-----------------------------------------------------------------X
-----------------------------------------------------------------X

PHOENIX LIGHT SF LIMITED, et al.,

                         Plaintiffs,         14-CV-10101 (LGS)(SN)

      -against-

HSBC BANK USA, NATIONAL ASSOCIATION,

                          Defendant.
-----------------------------------------------------------------X

------------------------------------------------------------------X

**NATIONAL CREDIT UNION**
**ADMINISTRATION BOARD, et al.,**

                        **Plaintiffs,**                15-CV-02144 (LGS)(SN)

        -against-

**HSBC BANK US, NATIONAL ASSOCIATION,**

                        **Defendant.**

------------------------------------------------------------------X
------------------------------------------------------------------X

**COMMERZBANK A.G.,**

                        **Plaintiff,**                15-CV-10032 (LGS)(SN)

        -against-

**HSBC BANK US, NATIONAL ASSOCIATION,**

                        **Defendant.**

------------------------------------------------------------------X
------------------------------------------------------------------X

**TRIAXX PRIME CDO 2006-1, et al.,**

                        **Plaintiffs,**                15-CV-10096 (LGS)(SN)

        -against-

**HSBC BANK USA, NATIONAL ASSOCIATION,**

                        **Defendant.**

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On August 9, 2016, the Court ordered HSBC to "show cause why it should not be required to produce a randomly generated sample of three percent of the documents withheld on

the basis of its relevance objections." 14-cv-8175, ECF No. 176 at 2. HSBC has shown cause, and the Court will not order it to produce additional documents.

This dispute arose because the parties hold different views on how to undertake electronic discovery. The parties agreed on a set of ESI search terms, but did not agree on how to produce documents that contained those search terms. The plaintiffs argue that the search terms were designed to capture the parties' document demands. Under the plaintiffs' interpretation, the vast majority of documents that contain the search terms are, *ipso facto*, responsive documents. HSBC disagrees. According to HSBC, the ESI terms capture a broad range of documents, including many that are not responsive to the parties' document demands. HSBC avers that it subjected documents responsive to the ESI terms to a second review for responsiveness to the plaintiffs' document demands. The plaintiffs argue that this second review was unnecessary and led to an incomplete document production. HSBC argues that the second review properly culled unresponsive documents and prevented an unwieldy document dump.

The Court will pause to observe that this dispute could have been obviated if the parties agreed on *both* the ESI search protocol used *and* the process for producing the documents captured by that protocol. Before beginning discovery, future parties would do well to agree on whether documents responsive to ESI terms should also be reviewed for responsiveness to document demands.

HSBC has satisfied the Court that it has complied with the Court's orders and the Federal Rules of Civil Procedure in making its document production. Rule 34 requires a discovery response to "state with specificity the grounds for objecting" to a discovery request, and an objection "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B), (C). "The producing party does not need to provide a

detailed description or log of all documents withheld," and an objection "that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" Fed. R. Civ. P. 34, Advisory Committee Notes, 2015 Amendments. HSBC responded to the plaintiffs' discovery requests with specific objections that stated the limits of its intended production. When the Court ordered that HSBC specify which documents it withheld on the basis of responsiveness, it offered several categories of documents containing the ESI terms but not responsive to the plaintiffs' document demands. That suffices. Neither Rule 34 nor the Court's July 15, 2016 Order requires HSBC to catalog hundreds of thousands of non-responsive documents.

  The plaintiffs have not met their burden of demonstrating that HSBC's document production has been inadequate. They have not identified any category of documents that HSBC has failed to produce, and they have not made any specific challenge to HSBC's discovery objections. Instead, they argue that HSBC's production is incomplete. But courts will rely on a party's averment that production is complete unless its adversary can cite "specific evidence impugning" that assertion. Margel v. E.G.L. Gem Lab Ltd., 04-cv-1514 (PAC) (HBP), 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008).

  The plaintiffs rely on two facts to prove their claims. First, they argue that HSBC has withheld 80% of the documents that respond to the ESI search terms, raising an inference that its document production is incomplete. But HSBC's response to the Order to Show Cause fully rebuts this inference—the ESI terms captured a broad universe of documents, and 80% of them were not responsive to the plaintiffs' document requests. Second, the plaintiffs argue that HSBC's document production failed to turn up four documents that are arguably responsive to the plaintiffs' document requests. But no document review is going to turn up *every* responsive

document. The plaintiffs cannot compel production of tens of thousands of additional documents because it is missing four. HSBC has represented that it will meet and confer with the plaintiffs to determine whether it can produce those four documents, and that response is proportionate to the needs of this case. The parties, therefore, are ordered to meet and confer regarding those four documents and any other categories of documents that the plaintiffs have specific reason to believe have been improperly withheld.

Finally, the Court finds that it would be a disproportionate burden on HSBC to conduct additional document production at this stage of the case. HSBC fully complied with Rule 34 by stating its objections with specificity, and the plaintiffs have had more than a year to challenge those objections. Any disclosure of randomly selected additional documents will necessarily sweep more broadly than the plaintiffs' document demands, as narrowed by HSBC's unchallenged objections, and would result in a windfall to the plaintiffs.

## CONCLUSION

For the foregoing reasons, HSBC will not be required to disclose a random selection of withheld documents. The parties are ordered to meet and confer to discuss any categories of documents that the plaintiffs have specific reason to believe have been improperly withheld.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
         August 26, 2016