UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

ROYAL PARK INVESTMENTS SA/NV,
Individually and on Behalf of All Others
Similarly Situated,

                     Plaintiff,

     vs.

HSBC BANK USA, NATIONAL
ASSOCIATION, as Trustee,

                   Defendant.

—————————————————————— x

:  Civil Action No. 14-cv-08175-LGS-SN
:
:  <u>CLASS ACTION</u>
:
:  ROYAL PARK INVESTMENTS SA/NV'S
:  REPLY IN SUPPORT OF RULE 72
:  OBJECTIONS AND MOTION TO VACATE
:  THE MAGISTRATE JUDGE'S OPINION
:  AND ORDER CONCERNING
:  DISCLOSURE OF PERSONAL DATA
:  FROM DOCUMENTS LOCATED IN
:  BELGIUM

1309046_1

## TABLE OF CONTENTS

Page

I.      Introduction ............................................................................................................1

II.     Standard of Review ................................................................................................1

III.    Royal Park's Evidence Is Properly Before the Court and Supports Vacating the
        Orders and Finding that Redactions Are Appropriate ...........................................3

        A.      The Expert Declarations Are Appropriately Before the Court ...............................3

        B.      The Objections Were Appropriate and Properly Asserted ......................................5

        C.      A Conflict of Law Exists .........................................................................................6

        D.      The *Laydon* Factors Favor Nondisclosure of Personal Belgian Data .....................7

IV.     Conclusion ............................................................................................................10

1309046_1

**TABLE OF AUTHORITIES**

Page

**CASES**

*Alexander v. Evans*,
  1993 WL 427409 (S.D.N.Y. Oct. 15, 1993) ............................................................5

*BrightEdge Techs., Inc. v. Searchmetrics, GmbH*,
  2014 WL 3965062 (N.D. Cal. Aug. 13, 2014) ........................................................7

*Creighton v. City of New York*,
  2015 WL 8492754 (S.D.N.Y. Dec. 9, 2015) ...........................................................4

*Curley v. AMR Corp.*,
  153 F.3d 5 (2d. Cir. 1998) ...............................................................................2, 3, 5

*Gerloff v. Hostetter Schneider Realty*,
  2014 WL 1099814 (S.D.N.Y. Mar. 20, 2014) .........................................................2

*Haines v. Liggett Group, Inc.*,
  975 F.2d 81 (3d Cir. 1992)......................................................................................2

*Hous. Works, Inc. v. Turner*,
  362 F. Supp. 2d 434 (S.D.N.Y. 2005).....................................................................5

*HSBC Bank USA, N.A. v. Resh*,
  2014 WL 317820 (S.D.W.V. Jan. 28, 2014)............................................................2

*Hynes v. Squillace*,
  143 F.3d 653 (2d Cir. 1998)....................................................................................4

*In re Activision Blizzard, Inc. Stockholder Litig.*,
  86 A.3d 531 (Del. Ch. 2014)...................................................................................9

*In re Consol. RNC Cases*,
  2009 WL 130178 (S.D.N.Y. Jan. 8, 2009) .............................................................5

*In re Grand Jury Subpoena Dated August 9, 2000*,
  218 F. Supp. 2d 544 (S.D.N.Y. 2002)....................................................................9

*JPMorgan Chase Bank v. Winnick*,
  228 F.R.D. 505 (S.D.N.Y. 2005) ........................................................................5, 6

*Khatabi v. Bonura*,
  2016 WL 8838889 (S.D.N.Y. Apr. 21, 2016)..........................................................2

**Page**

*Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*,
   29 F. Supp. 3d 142 (E.D.N.Y. 2014) .......................................................................4

*Laydon v. Mizuho Bank, Ltd.*,
   183 F. Supp. 3d 409 (S.D.N.Y. 2016)..............................................................1, 7, 9

*Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*,
   2017 WL 3142072 (S.D.N.Y. July 24, 2017) .........................................................2

*Motorola Credit Corp. v. Uzan*,
   73 F. Supp. 3d 397 (S.D.N.Y. 2014)........................................................................8

*Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enforcement Agency*,
   877 F. Supp. 2d 87 (S.D.N.Y. July 13, 2012) .........................................................7

*Nolasco v. United States*,
   358 F. Supp. 2d 224 (S.D.N.Y. Nov. 3, 2004) ........................................................4

*Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,*
   *Chauffeurs, Warehousemen & Helpers*,
   894 F.2d 36 (2d Cir. 1990).......................................................................................5

*Philips v. Ford Motor Co.*,
   2016 WL 8505624 (N.D. Cal. June 10, 2016) .........................................................7

*PowerShare, Inc. v. Syntel, Inc.*,
   597 F.3d 10 (1st Cir. 2010).......................................................................................2

*Reino de Espana v. Am. Bureau of Shipping*,
   2005 WL 1813017 (S.D.N.Y. Aug. 1, 2005) ...........................................................8

*Royal Park Invs. SA/NV v. U.S. Bank N.A.*,
   No. 14-cv-02590-VM-JCF (S.D.N.Y. July 14, 2017) ................................... *passim*

*St. Jude Med. S.C., Inc. v. Janssen-Counotte*,
   104 F. Supp. 3d 1150 (D. Or. 2015) ........................................................................7

*Vathana v. EverBank*,
   2016 WL 3951334 (N.D. Cal. July 20, 2016)..........................................................4

*Wakefern Food Corp. v. Prospect Plaza Improvements, LLC*,
   2010 WL 4514287 (D. Conn. Nov. 2, 2010) ...........................................................2

- iii -

Page

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure

Rule 1 ...................................................................................................................................1
Rule 44.1 ...................................................................................................................... *passim*
Rule 72 ........................................................................................................................3, 7, 10
Rule 72(a)...........................................................................................................................2
Rule 72(b) ..........................................................................................................................2

## I.      Introduction

HSBC's insistence that Royal Park Investments SA/NV ("Royal Park") reproduce a tiny portion of its overall document production without redactions (which Royal Park did not itself make and does not have the ability to remove) fundamentally violates Fed. R. Civ. P. 1 and should be rejected.  While Royal Park has demonstrated that there is a conflict between Belgian law and United States' law regarding the limited personal information at issue and that a comity analysis strongly supports the limited redactions, HSBC has utterly failed to show that the documents or limited redactions are even relevant to the claims and defenses at issue.  HSBC's failure to establish any relevance whatsoever (a critical component to several of the *Laydon* factors) betrays its purpose in seeking to remove the redactions in the first place, which is solely to gain a strategic advantage in this litigation by securing a court order with which Royal Park cannot comply.  This Court should not countenance such flagrant gamesmanship.

HSBC's improper attempts to impugn Royal Park's compliance with its discovery obligations go well beyond the instant dispute, yet are not based in fact.  Indeed, while HSBC dedicates pages of its opposition to a recitation of Royal Park's unrelated purported discovery failures, Royal Park's productions, including from Fortis/BNPPF ("BNPPF"), have been exhaustive; after years of litigation, HSBC cannot identify any deficiencies in such productions whatsoever.  *See* Dkt. Nos. 321 at 2-3 & 381 at 5-6; Objection (Dkt. No. 409) ("Obj.") at 4 n.5.

Magistrate Judge Netburn's brief order wrongly adopted HSBC's arguments regarding the conflicts of law at issue.  As explained in the Objection, the required comity analysis demonstrates that the limited redactions at issue should be allowed.  HSBC's Opposition does not cite to any expert analysis or other reliable evidence to contradict Royal Park's showing.  The Objection should be sustained, and the July 24, 2017 and August 11, 2017 orders should be overruled.

## II.     Standard of Review

HSBC's contentions regarding the appropriate standard of review are wrong.  "[P]ursuant to Fed. R. Civ. P. 44.1, a court's determination of foreign law is treated as a question of law, which is

- 1 -

1309046_1

subject to *de novo* review." *Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d. Cir. 1998); *Gerloff v. Hostetter Schneider Realty*, 2014 WL 1099814, at *2 (S.D.N.Y. Mar. 20, 2014) (Schofield, J.) ("Under Rule 44.1 . . . , a court's determination of the content of foreign law is not a finding of fact but a 'ruling on a question of law.'"). HSBC cites *Lifeguard Licensing* for the proposition that "[n]on-dispositive orders should be set aside only 'if the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" Opp. at 14 (citing *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, 2017 WL 3142072, at *1 (S.D.N.Y. July 24, 2017)).[1] But that is the standard applying to orders challenged as "clearly erroneous," one of the two bases for a Rule 72(a) objection. *Lifeguard Licensing*, 2017 WL 3142072, at *1. HSBC fails to cite the key text applying to orders that are challenged as "contrary to law": "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.*[2]

When determining whether an order challenged as "contrary to law" fails to apply or misapplies the relevant law, "there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s *de novo* standard." *See Wakefern Food Corp. v. Prospect Plaza Improvements, LLC*, 2010 WL 4514287, at *2 n.2 (D. Conn. Nov. 2, 2010) (quoting *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)); *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law"); *see also HSBC Bank USA, N.A. v. Resh*, 2014 WL 317820, at *7 (S.D.W.V. Jan. 28, 2014) ("the Court will review the factual portions of the Magistrate's order under the clearly

---

[1]   Unless noted otherwise, citations are omitted and emphasis is added.

[2]   HSBC's reliance on *Khatabi v. Bonura*, 2016 WL 8838889, at *2 (S.D.N.Y. Apr. 21, 2016), fares no better. *Khatabi* recognized the same differences between "clearly erroneous" and "contrary to law." *See Khatabi*, 2016 WL 8838889, at *3.

erroneous standard but will review the Magistrate's legal conclusions to determine if they are contrary to law – that is, the court will conduct a *de novo* review of those conclusions").

## III.   Royal Park's Evidence Is Properly Before the Court and Supports Vacating the Orders and Finding that Redactions Are Appropriate

### A.   The Expert Declarations Are Appropriately Before the Court

"In determining foreign law, the court may consider ***any*** relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1; *Curley*, 153 F. 3d at 13.

Royal Park cited two expert declarations, the first by Frederik Van Remoortel[3] cited in Royal Park's opposition to HSBC's motion to compel, and the second by Etienne Kairis[4] submitted with Royal Park's Rule 72 Objection. Each of these declarations explains why BNPPF's production of unredacted documents would be contrary to Belgian law. Van Remoortel Decl. at 21, ¶61 ("for the reasons set forth above, it is my opinion that the Privacy Act prevents BNPPF from transmitting the Belgian Documents to RPI or RPI's counsel in bulk and in a fully unredacted form"); Kairis Decl. at 2, ¶4 ("To remain compliant with Belgian law, it is my opinion that the Belgian Documents should be redacted (*i.e.*, with all personal data deleted or anonymized) before they are transferred to RPI."). HSBC's contention that these declarations should be ignored is wrong.

***The Van Remoortel Declaration was properly before the Court***. HSBC asserts – without any legal support – that the Court should not consider the publicly available Van Remoortel Declaration because while Royal Park cited the Van Remoortel Declaration, it "never submitted [it]

---

[3]   Dkt. No. 284-2, *Royal Park Invs. SA/NV v. U.S. Bank N.A.*, No. 14-cv-02590-VM-JCF (S.D.N.Y. July 14, 2017) ("Van Remoortel Decl.").

[4]   Dkt. No. 410-4 ("Kairis Decl.").

to Judge Netburn and also did not submit [it] as part of the record in support of this motion."  Opp. at

11.  But litigants routinely cite cases, treatises, articles and any number of other public documents –

including expert declarations – without attaching them to their submissions.  *See Vathana v.*

*EverBank*, 2016 WL 3951334, at *3 (N.D. Cal. July 20, 2016) (relying on "an expert declaration

from a different case" to establish expert rates).  Moreover, Rule 44.1 expressly permits the

consideration of relevant documents, "whether or not submitted by a party."  Fed. R. Civ. P. 44.1.

HSBC concedes that Mr. Van Remoortel opined that the so-called "litigation exception" does not

apply (Van Remoortel Decl. at 20, ¶60), but contends that the opinion was "cursory" and not

supported by a detailed analysis.  Opp. at 12 n.5.  In fact, Mr. Van Remoortel's Declaration was

detailed and thorough, and Royal Park's reference to Mr. Van Remoortel's Declaration was

sufficient for the Court to consider it pursuant to Fed. R. Civ. P. 44.1.

   ***The Kairis Declaration is properly before the Court.***  HSBC contends that the Kairis

Declaration, which reaches the same ultimate conclusions as the Van Remoortel Declaration, should

not be considered.  Opp. at 10-11.  When conducting a *de novo* review, the Second Circuit has

expressly recognized the Court's authority to consider such supplemental evidence.  *Hynes v.*

*Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("the district court had discretion to consider evidence

that had not been submitted to the Magistrate Judge"); *Nolasco v. United States*, 358 F. Supp. 2d

224, 229 n.9 (S.D.N.Y. Nov. 3, 2004) ("a district court may receive further evidence when it

undertakes a *de novo* review of a magistrate judge's findings").  The opinions HSBC relies upon

either recognize the court's authority to consider additional evidence or are distinguishable[5] and

---

[5]    *See Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 29 F. Supp. 3d 142, 145 (E.D.N.Y. 2014)
(analyzing order under the "clearly erroneous" standard, rather than the "contrary to law" standard);
*Creighton v. City of New York*, 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) (recognizing that a
"district court has the 'inherent authority' to 'consider further evidence in reviewing rulings on

- 4 -

HSBC itself submitted additional evidence as part of its Opposition.  Declaration of Vidya Mirmira in Support of HSBC Bank's Opp.; Opp. at 2-4, 7, 19, 23.  The Kairis Declaration is properly before the Court and should be considered.  Fed. R. Civ. P. 44.1; *Curley*, 153 F. 3d at 13.

> ### B.     The Objections Were Appropriate and Properly Asserted

HSBC represents that "BNP is not producing documents in this case at all" and that BNPPF has no rights at issue here.  Opp. at 12-13.  HSBC then contends that Royal Park has the "responsibility to produce these documents in unredacted form."  *Id*. at 14.  HSBC's assertions are incorrect and cannot stand the slightest scrutiny.

Relying on *Winnick*, the Court charged Royal Park with "secur[ing] production of relevant documents held by BNP Paribas."  Dkt. No. 89 at 4-5.  *Winnick* did not in any way abrogate the rights of non-parties from whom discovery was sought.  *JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005) ("The question posed in this dispute is who should properly bear the risks and burdens of discovery from the original lender Banks.").  Rather, *Winnick* expressly recognized the right of a third party, such as BNPPF, to raise discovery objections directly or through a party in litigation.  *Id*. at 508.

HSBC's assertion that Royal Park misread Judge Netburn's order regarding waiver is belied by the language of the order itself, to which Royal Park correctly objected: "The fact that Royal Park

---

nondispositive matters'"); *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) ("The Court has discretion whether to consider evidence not submitted to the magistrate judge."); *In re Consol. RNC Cases*, 2009 WL 130178, at *10 (S.D.N.Y. Jan. 8, 2009) (recognizing that "a district judge 'may receive further evidence' or new arguments in reviewing objections to a magistrate judge's ruling"); *Alexander v. Evans*, 1993 WL 427409, at *4 (S.D.N.Y. Oct. 15, 1993) (when conducting a *de novo* review, a "judge has discretion whether to receive further evidence, and therefore further argument"); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (simply noting that the court did not abuse its discretion when denying request to introduce additional testimony).

1309046_1

has *already* produced some of the disputed documents in unredacted form (without raising any objections) undermines its argument that it [*i.e., not BNPPF*] cannot now produce the redacted materials without running afoul of European privacy laws."  Dkt. No. 392 at 1 (emphasis in original).  Thus, Royal Park's production of unredacted documents is not a "red herring," as HSBC contends, but was instead a basis for Judge Netburn's finding of a waiver as to BNPPF's rights, which are governed by the Data Privacy Act and to which Royal Park properly raised BNPPF's objections pursuant to *Winnick*.  HSBC's contention that "neither Royal Park nor BNP raised any objection under Belgian law" prior to the December 2015 order and that "Royal Park has interposed objections on BNP's behalf, and the Court has overruled those objections" both lack support in the record.  Opp. at 14-15.  The Court's December 2015 Order, similar to *Winnick*, addressed whether Royal Park was obligated to collect documents from BNPPF, not whether BNPPF could assert any objections or make redactions pursuant to Belgian law.  Dkt. No. 89, *passim*.  Royal Park has produced documents that it has the practical ability to obtain, and the issue here relates to the appropriateness of the order requiring Royal Park to obtain documents with unredacted personal information from BNPPF contrary to the Data Privacy Act and over BNPPF's objections appropriately raised by Royal Park.

### C.    A Conflict of Law Exists

BNPPF is prevented from producing documents containing personal data pursuant to the Data Privacy Act which prohibits processing and transferring personal data outside of the European Union absent the unambiguous consent of the data subject.  Dkt. No. 389 at 2.  Because the individuals whose personal data appears in the BNPPF documents have not consented, a conflict exists between any requirement to produce unredacted BNPPF documents in this action and the restrictions of such production imposed by the Data Privacy Act.  Obj. at 9-11.

HSBC contends that a so-called "litigation exception" to the Data Privacy Act permits production.  Opp. at 17-18.  In doing so, HSBC relies on three district court cases[6] from the Ninth Circuit discussing **German** privacy laws, and then concludes they must apply to the **Belgian** privacy laws at issue here because "they both arise from the EU privacy directive."  Opp. at 17-18 n.10.  Tellingly, HSBC has not offered any rebuttal to the interpretation of the **Belgian** law – the Data Privacy Act – as set forth in Royal Park's Rule 72 Objection or to authority in this District that recognizes a conflict.  Dkt. No. 409 at 11; Kairis Decl. at 4, ¶4, 6-7, ¶9, 9, ¶14; Van Remoortel Decl. at 19-20, ¶60; *Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 417 (S.D.N.Y. 2016) ("the Article 29 Working Party concluded that the United States' subpoena, unlike an order based in EU or Belgian law, did not qualify as a 'legal obligation' under the EU Directive such that the processing of personal data . . . would be permissible").

### D.      The *Laydon* Factors Favor Nondisclosure of Personal Belgian Data

Contrary to HSBC's contentions, all seven *Laydon* factors favor nondisclosure.

***First***, despite every opportunity, HSBC has utterly failed to show the relevance of any of the redacted information, making clear that HSBC is simply attempting to gain a strategic advantage in this litigation by demanding the production of irrelevant information it knows Royal Park cannot produce.  Instead of establishing relevance, HSBC asserts that "the documents at issue here hit on search terms" and incorrectly suggests that they were the only documents produced from BNPPF.  Opp. at 19.   Neither point establishes relevance.   *Nat'l Day Laborer Org. Network v. U.S.*

---

[6]      *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Or. 2015) (discussing Germany's Federal Data Protection Law); *BrightEdge Techs., Inc. v. Searchmetrics, GmbH*, 2014 WL 3965062, at *2 n.2 (N.D. Cal. Aug. 13, 2014) (discussing the German Federal Data Protection Act and the German Telecommunications Act); *Philips v. Ford Motor Co.*, 2016 WL 8505624, at *3 (N.D. Cal. June 10, 2016) (considering German Federal Data Protection Act).

*Immigration & Customs Enforcement Agency*, 877 F. Supp. 2d 87, 107 (S.D.N.Y. July 13, 2012) (search terms are used to locate potentially responsive documents). HSBC cites a transcript to argue that search terms are relevant (Opp. at 20 n.15), but the cited transcript merely reflects the search terms' scope (*see* Apr. 24, 2017 Hr'g Tr. at 35:23-36:1). Moreover, HSBC's prior conduct proves that documents that hit on search terms are not necessarily relevant. *See* Dkt. No. 157 at 1 (HSBC withheld "at least 80% of the documents that returned as responsive to the parties' agreed-upon search terms" due to its "manual 'relevance' review").

**Second**, HSBC has made no attempt to narrow the scope of the redactions it seeks to have removed. *See Motorola Credit Corp. v. Uzan*, 73 F. Supp. 3d 397, 401 (S.D.N.Y. 2014) (factor favors disclosure when requests "are as narrowly tailored as reasonably possible"). HSBC instead relies on a case from California to suggest that it is entitled to removal of all redactions from any document that was produced. Opp. at 20. While HSBC observes that the court in *Motorola Credit* ordered production of documents, HSBC has not made any efforts to ensure its requests to remove redactions "are as narrowly tailored as reasonably possible," as occurred in *Motorola Credit*. *Motorola Credit*, 73 F. Supp. 3d at 401.

**Third**, HSBC concedes that the information is located in Belgium. Opp. at 20. HSBC tries to distract the Court by observing that "many of the documents involve U.S. personnel and/or originated in New York." *Id*. Yet HSBC ignores the fact that "over 9,000 [documents] were recently produced by BNPPF from New York-based custodians and also contained no personal data redactions." Dkt. No. 398 at 1. The documents at issue are those located in Belgium. Obj. at 15.

**Fourth**, HSBC gives lip service to the case law addressing this factor, which found that "[m]ost important to the Court's determination is the uniqueness of key evidence." *Reino de Espana v. Am. Bureau of Shipping*, 2005 WL 1813017, at *9 (S.D.N.Y. Aug. 1, 2005). While HSBC

- 8 -

contends it cannot tie certain documents to particular witnesses, it has not pointed to a single document from BNPPF that it purports to be "key evidence" that it seeks to tie to a witness.

*Fifth*, HSBC fails to address, let alone rebut, that Belgium considers privacy matters to be a "fundamental right" that it seeks to protect through the Data Privacy Act, which strongly tips the balance of competing national interests in favor of non-disclosure.  Dkt. No. 389-2, Data Privacy Act, Art. 2; *see also In re Activision Blizzard, Inc. Stockholder Litig.*, 86 A.3d 531, 550 (Del. Ch. 2014).  Instead, HSBC recites the same two generic interests of the United States that apply to all actions.  Opp. at 21.  HSBC has not pointed to any factor that would raise the U.S. interests beyond this generic threshold.  *See In re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp. 2d 544, 562 (S.D.N.Y. 2002) (strong national interest in combating international bribery); *Laydon*, 183 F. Supp. 3d at 423 ("'the interest of the United States in criminal and civil enforcement suits is normally stronger than its interest in private disputes'").  Additionally, HSBC fails to refute or even address the increased weight given to Belgium's interests where, as here, significant penalties attach for any violation.  Obj. at 17; Dkt. No. 389 at 2; Dkt. No. 389-2, Ch. VIII – Penalties; Dkt. No. 389-3; *see also* Van Remoortel Decl. at 11-13, ¶¶33-38.  Belgium's compelling interest in protecting the "fundamental rights . . . especially the protection of . . . privacy" significantly outweighs the United States' generic interests identified by HSBC that are involved in every litigation.

*Sixth*, HSBC does not deny that BNPPF faces significant hardship, including fines of up to €800,000 (approximately $940,000) for each violation, as well as criminal proceedings against its data controllers and reputational damage, if it releases personal information.  *See* Obj. at 19.  Royal Park also presented evidence of actual enforcement activities, as well as pending Belgian laws signaling increased enforcement activity.  *Id.*  HSBC does not deny any of these facts but merely speculates that such enforcement activities are unlikely (while ignoring the reputational damage) and

- 9 -

stating that Royal Park's evidence is not specific enough.  Opp. at 23.  But HSBC has not put forth a scintilla of evidence to rebut the expert testimony that demonstrates Belgium's increasing commitment to taking enforcement actions in response to "breaches of data privacy rules to the detriment of fundamental rights of data subjects."  *See* Van Remoortel Decl. at 13, ¶38.

   *Seventh*, HSBC cannot credibly contest that non-party BNPPF has acted in good faith, voluntarily produced documents in response to document requests and "attempt[ed] to do all it could to limit or obviate the redactions necessary under Belgian law" despite "substantial cost in time and expense."  Obj. at 20.  Instead, HSBC mounts a shameless offensive against Royal Park's good faith actions.  *See supra*, §I.  HSBC also ignored the realities that Royal Park and BNPPF are separate legal entities, which HSBC touted earlier in this litigation.  Opp. at 1 (Royal Park "sued its assignor BNP" attempting to get assignor documents); Dec. 4, 2015 Order, Dkt. No. 89 at 2 ("HSBC asserts that non-party BNP Paribas may possess documents relevant to HSBC's failure-to-mitigate defense").  Ignoring HSBC's false accusations against Royal Park, HSBC does not deny BNPPF has acted with good faith from the onset of this action.

## IV. Conclusion

   Royal Park's Rule 72 Objections should be sustained and the Court should find that BNPPF is permitted to redact personal data in accordance with the Data Privacy Act.

DATED:  September 18, 2017     Respectfully submitted,

          ROBBINS GELLER RUDMAN
            & DOWD LLP
          CHRISTOPHER M. WOOD


           s/ Christopher M. Wood
          CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
STEVEN W. PEPICH
LUCAS F. OLTS
DARRYL J. ALVARADO
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
stevep@rgrdlaw.com
lolts@rgrdlaw.com
dalvarado@rgrdlaw.com

Attorneys for Plaintiff

- 11 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 18, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 18, 2017.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
   & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)

E-mail:cwood@rgrdlaw.com

1309046_1

# Mailing Information for a Case 1:14-cv-08175-LGS-SN Royal Park Investments SA/NA v. HSBC Bank USA National Association

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tanya Marie Abrams**
  tabrams@wc.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com

- **William Pruitt Ashworth**
  washworth@wc.com

- **Scott K. Attaway**
  sattaway@kellogghansen.com,ecf-3d3eb9e0ddf6@ecf.pacerpro.com,mduffy@kellogghansen.com,eholmvik@kellogghansen.com

- **George Anthony Borden**
  gborden@wc.com

- **Meghan A. Ferguson**
  mferguson@wc.com

- **John R. Guenard**
  jguenard@wc.com

- **Kevin Michael Hodges**
  khodges@wc.com

- **Jeffrey Hoops**
  jhoops@wc.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Eric Alan Kuhl**
  ekuhl@wc.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com,stremblay@rgrdlaw.com

- **Vidya Atre Mirmira**
  vmirmira@wc.com

- **John G. Moon**
  jmoon@mw-law.com,dockets@mw-law.com

- **National Credit Union Administration Board on Behalf of the NGN Trusts**
  johni@ncua.gov

- **Lucas F. Olts**
  lolts@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven W. Pepich**
  stevep@rgrdlaw.com

- **Jonah Perlin**
  jperlin@wc.com

- **Edward C. Reddington**
  ereddington@wc.com

- **Andrew Wheeler Rudge**
  arudge@wc.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Kevin S. Sciarani**
  ksciarani@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lauren Heather Uhlig**
  luhlig@wc.com

- **Matthew Boyd Underwood**
  munderwood@wc.com

- **Noah Malachai Weiss**
  nweiss@wc.com

- **Eric Christopher Wiener**
  ewiener@wc.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,HDeshmukh@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Regis C. Worley , Jr**
  rworley@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)