```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
------------------------------------------------------------X  ELECTRONICALLY FILED
ROYAL PARK INVESTMENTS SA/NV,              :    DOC #:_____
                    Plaintiff,             :    DATE FILED: 12/14/17
        -against-                          :
HSBC BANK USA, N.A.,                       :    14 Civ. 8175 (LGS)
                    Defendant.             :
------------------------------------------------------------X        ORDER

------------------------------------------------------------X
BLACKROCK BALANCED CAPITAL                 :
PORTFOLIO (FI), et al.,                    :
                    Plaintiffs,            :
        -against-                          :    14 Civ. 9366 (LGS)
HSBC BANK USA, N.A.,                       :
                    Defendant.             :
------------------------------------------------------------X
------------------------------------------------------------X
PHOENIX LIGHT SF LIMITED, et al.,          :
                    Plaintiffs,            :
        -against-                          :
HSBC BANK USA, N.A.,                       :    14 Civ. 10101 (LGS)
                    Defendant.             :
------------------------------------------------------------X
------------------------------------------------------------X
NATIONAL CREDIT UNION                      :
ADMINISTRATION BOARD, et al.,              :
                    Plaintiffs,            :
        -against-                          :    15 Civ. 2144 (LGS)
HSBC BANK USA, N.A.,                       :
                    Defendant.             :
------------------------------------------------------------X
------------------------------------------------------------X
COMMERZBANK AG,                            :
                    Plaintiff,             :
        -against-                          :
HSBC BANK USA, N.A.,                       :    15 Civ. 10032 (LGS)
                    Defendant.             :
------------------------------------------------------------X
------------------------------------------------------------X
TRIAXX PRIME CDO 2006-1, Ltd., et al.,     :
                    Plaintiffs,            :
        -against-                          :
HSBC BANK USA, N.A.,                       :    15 Civ. 10096 (LGS)
                    Defendant.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Certificateholders of RMBS trusts are suing trustee HSBC Bank USA, N.A. ("HSBC") for violations of the agreements outlining HSBC's obligations as trustee. HSBC seeks to reserve the right to assert an advice of counsel defense in these coordinated actions. In a Report and Recommendation dated May 8, 2017 (the "R&R"), Magistrate Judge Netburn recommended striking this affirmative defense from HSBC's answers in these coordinated actions. HSBC objects. For the following reasons, HSBC's objections are overruled, and Judge Netburn's recommendation is adopted.

I.   BACKGROUND

On November 10, 2016, Plaintiff moved to compel HSBC to respond to an interrogatory concerning its advice of counsel defense. In response, HSBC argued that the interrogatory was premature because Plaintiffs had not to date identified "loan-level breaches and specific Events of Default," and that "[o]nly after a plaintiff identifies its specific claims can a defendant determine whether it even received advice related to those claims." On November 17, 2016, Judge Netburn ordered HSBC to "decide whether it intends to assert an advice of counsel defense by January 27, 2017," "[r]egardless . . . of the plaintiffs' ability to identify specific information about the loan-level breaches and/or Events of Default." HSBC neither objected to the Order nor sought an extension of the deadline. In an Order dated January 26, 2017, Judge Netburn "remind[ed] HSBC of its obligation to notify plaintiffs whether it intends to assert the defense by January 27, 2017, regardless of whether plaintiffs are able to identify specific loan-level breaches." On January 27, 2017, HSBC wrote to Plaintiffs, "at this time HSBC does not intend to raise an advice of counsel defense." HSBC purported to "reserve all rights" to raise an advice of counsel defense as to specific breaches Plaintiffs may identify at a later date. Plaintiffs moved to strike HSBC's affirmative defense from its answers on April 6, 2017. Judge Netburn recommended granting the motion on May 8.

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (internal quotation marks omitted) (citing Fed. R. Civ. P. 72(b)). The court must undertake a de novo review of any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Trs. of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Faulkner*, 484 F. Supp. 2d 254, 257 (S.D.N.Y. 2007).

## III. DISCUSSION

As Judge Netburn explained in the R&R, HSBC is time-barred from raising an advice of counsel defense. Judge Netburn ordered HSBC to make a final determination as to any advice of counsel defense by January 27, 2017. HSBC failed to seek reconsideration of or object to the Order. HSBC likewise failed to seek an extension of the deadline or leave to "reserve" the right to assert any such defense after the deadline. Because HSBC did not seek any such relief at the appropriate time, it has waived the opportunity and is bound to comply. *See* Loc. Civ. R. 6.3 (14-day deadline to file a motion for reconsideration); *Harty v. Spring Valley Marketplace LLC*, No. 15 Civ. 8190, 2016 WL 8710480, at *2 (S.D.N.Y. Jan. 22, 2016) (untimely requests for reconsideration warrant denial); Fed. R. Civ. P. 72(a) (As to nondispositive matters, a "party may

not assign as error a defect in the order not timely objected to."); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (As to dispositive matters, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) ("Parties who fail to object to a magistrate's ruling within 14 days waive their opportunity to challenge that ruling.").

## IV. CONCLUSION

For the reasons above, Defendants' objections are **OVERRULED**, and the R&R is **ADOPTED**.

The Clerk of Court is respectfully directed to close the motions at 14 Civ. 8175, Docket No. 352; 14 Civ. 9366, Docket No. 375; 14 Civ. 10101, Docket No. 261; 15 Civ. 2144, Docket No. 264; 15 Civ. 10032, Docket No. 219; and 15 Civ. 10096, Docket No. 167.

Dated: December 14, 2017
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**