USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   ROYAL PARK INVESTMENTS SA/NV,

                                Plaintiff,                14 Civ. 8175 (LGS)

                    -against-                  OPINION AND ORDER

   HSBC BANK USA, N.A.,

                               Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Royal Park Investments SA/NV ("Royal Park") brings a putative class action on behalf of certificateholders of RMBS trusts against HSBC Bank USA, N.A. ("HSBC") for violations of the agreements outlining HSBC's obligations as trustee. Royal Park objects to Magistrate Judge Netburn's Orders dated July 24, 2017, and August 11, 2017, compelling Royal Park to produce in unredacted form documents located in Belgium from its assignor, BNP Paribas Fortis ("BNP"). For the following reasons, Royal Park's objections are overruled.

## I.    BACKGROUND

      On December 4, 2015, the recently retired Judge Scheindlin ordered Royal Park to produce documents held by BNP, the assignor of its legal claims against HSBC. Royal Park subsequently produced BNP documents, but without custodial information and with substantial redactions of names and email addresses in the To, From and CC fields, in the bodies of the emails and in the attachments. BNP's U.S. counsel claims that the redactions are required under the Belgian Data Privacy Act of December 8, 1992, as amended ("Belgian Act"), which restricts the transfer of personal data to countries outside the European Union. On July 11, 2017, HSBC moved to compel Royal Park to produce these documents without the redactions and with

custodian information restored. Judge Netburn granted the motion on July 24, 2017, adopting HSBC's reasoning in full as set forth in its letters dated July 11 and 19, 2017. On August 7, 2017, Royal Park moved for reconsideration, which Judge Netburn denied on August 11, adopting the reasoning in HSBC's August 10, 2017, letter. On August 25, 2017, Royal Park filed an objection seeking an order vacating Judge Netburn's Orders and holding that the redactions were proper pursuant to international comity.

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a magistrate judge may adjudicate non-dispositive motions. *See also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). A magistrate judge's order as to a non-dispositive motion may be set aside only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Arista Records*, 604 F.3d at 116. "An order is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Frydman v. Verschleiser*, No. 14 Civ. 5903, 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

"Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F.Supp. 2d 508, 511 (S.D.N.Y. 2013) (citations omitted); *accord Williams v Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). A court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly

erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

## III. DISCUSSION

This Court has decided that Royal Park is obligated under U.S. law to produce the documents in question. As Judge Scheindlin explained in her December 4, 2015, Order compelling production of the documents at issue, "if plaintiff and the assignees failed to obtain rights to insist on cooperation from their assignors in providing such discovery, and cannot persuade the assignors to cooperate now, that is their problem, not defendants'" (quoting *JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005)). "[I]t is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees[,] free of the obligations that go with litigating a claim" (quoting *Winnick*, 228 F.R.D. at 506). Counsel for Royal Park acknowledged this when he told Judge Netburn: "[I]t's Royal Park's obligation to produce these documents. If we can't get BNP to do it, then that's going to fall on us." HSBC's letter dated July 11, 2017, which Judge Netburn adopted in full, notes: "Royal Park cannot meet its *Winnick* obligation by producing heavily redacted documents that shield key facts from discovery. Instead, Royal Park is obligated to make useable productions that disclose relevant facts." This reasoning is convincing and not clearly erroneous.

Given Royal Park's obligation under U.S. law to produce these documents in unredacted form, the relevant question is whether considerations of international comity relieve Royal Park of its obligation in light of the purportedly conflicting Belgian Act. "It is well settled that [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe National Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987). When conducting a comity analysis on a motion to compel, courts in the

3

Second Circuit consider: (1) the importance to the investigation or litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located; (6) the hardship of compliance on the party or witness from whom discovery is sought; and (7) the good faith of the party resisting discovery. *Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 419–20 (S.D.N.Y. 2016).

The parties dispute whether the Belgian Act actually prohibits the production of the documents without redactions. Royal Park argues that interpreting the act is a legal question that must be examined *de novo*. To resolve the instant objections, the Court need not interpret the Belgian Act pursuant to the standard for reviewing non-dispositive orders by a magistrate judge for contrariness to law. Assuming *arguendo* that the Belgian Act prohibits disclosure, Judge Netburn found (incorporating HSBC's reasoning) that the comity analysis weighs in favor of compelling Royal Park to produce the BNP documents unredacted, with custodial information restored. The decision whether to grant comity is "within the court's discretion" and is reviewed only for abuse of discretion. *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) (citing *Allstate Life Ins. Co. v. Linter Grp. Ltd*., 994 F.2d 996, 999 (2d Cir.1993) (recognizing that "the extension or denial of comity is within the court's discretion, [and therefore] we will reverse the court's decision only when we find an abuse of discretion.")).

Judge Netburn incorporated by reference in her July 24, 2017, Order, HSBC's July 11 and July 19, 2017, letters. That analysis is well-reasoned, supports the directive to compel production, and is well within the range of permissible decisions.

4

## IV. CONCLUSION

For the reasons above, Royal Park's objections are **OVERRULED**.

The Clerk of Court is respectfully directed to close the motion at Docket No. 408.

Dated: February 6, 2018
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**