February 27, 2018

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Royal Park Invs. SA/NV v. HSBC Bank USA, Nat'l Ass'n*, No. 14-cv-8175- LGS-SN (S.D.N.Y.); *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, Nat'l Ass'n*, No. 14-cv-9366-LGS-SN (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to Part III.A.1. of Your Honor's Individual Practices, Plaintiff Royal Park Investments SA/NV and the BlackRock Plaintiffs (collectively, "Class Plaintiffs") write jointly to request a pre-motion conference addressing the Class Plaintiffs' anticipated motions to stay the above actions and to extend the tolling of the statute of limitations until the Second Circuit resolves the Class Plaintiffs' respective Petitions for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) and any subsequent appellate review of this Court's February 1, 2018 Opinion and Order denying Plaintiffs' motion for class certification.[1] Class Plaintiffs conferred with Defendant HSBC Bank USA, N.A. ("HSBC") prior to filing this letter. HSBC does not consent to a stay.

      A stay is necessary to preserve class members' claims while the Court's class certification decision is under appellate review. Although "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class," *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974), "*American Pipe* tolling ends upon [the district court's] denial of class certification." *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 116 (2d Cir. 2013). A stay and temporary extension of the tolling period will permit class members who would otherwise be required to immediately decide whether to pursue their own claims to make an informed decision while conserving party and court resources. Absent this relief, class members will be compelled to file their own suits now to prevent possible expiration of their claims. *See Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 2000 WL 1424931, at *2 (E.D.N.Y. Sept. 26, 2000) (granting stay and tolling statute of limitations pending Rule 23(f) appeal because otherwise "potentially viable claims might expire unless new actions were promptly brought"). Thus, even if the Second Circuit were to deny both Class Plaintiffs' Rule 23(f) Petitions, granting the requested relief will likely avoid precautionary individual suits.

---

[1] *See BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 18-450 (2d. Cir. Feb. 15, 2018), ECF No. 1; *Royal Park Investments SA/NA v. HSBC Bank USA, N.A.*, No. 18-455 (2d. Cir. Feb. 15, 2018), ECF No. 1.

A stay will also promote efficiency in these actions, as determination of whether the claims proceed on a class or individual basis will significantly impact the parties' trial preparation. For example, costly and time-consuming expert analysis will be different if supporting individual versus class claims. Accordingly, denial of the stay could force the parties "to expend time and resources" for proceedings "that may look vastly different depending on the outcome of the . . . Rule 23(f) decision." *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *7 (D. Haw. Mar. 7, 2016).[2] Indeed, the Second Circuit's resolution of the substantive issues raised by Class Plaintiffs' Petitions could have a significant– and potentially "death-knell" – impact on certain of the named Plaintiffs' claims. For example, the BlackRock Plaintiffs' appeal implicates, whether and to what extent damages alleged to have occurred prior to a named Plaintiff's acquisition are recoverable. If the Second Circuit agrees that New York law governs all transfers of the RMBS at issue, secondary market purchasers will not have the burden of tracing each prior transfer, as suggested in the Class Certification Order. Moreover, resolution of whether New York's six-year statute of limitations governs all class members' claims could impact the Court's timeliness determination for certain named Plaintiffs' claims.

When deciding to stay an action pending an interlocutory appeal, courts also specifically consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) (*quoting Nken v. Holder*, 556 U.S. 418, 434 (2009)). Here, Class Plaintiffs meet all criteria.

**Class Plaintiffs Have Strong Arguments On The Merits**. Though it is "difficult . . . to hypothesize the outcome," the granting of Class Plaintiffs' Petitions is a "plausible outcome" here, as the Class Certification Opinion raises novel and serious issues of class certification law. *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 5-6 (D.D.C. 2002) (granting stay pending appeal where appeal raised "novel issues" making the outcome difficult to predict); *In re A2P SMS Antitrust Litig.*, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (to demonstrate likely success on the merits "a stay can be satisfied if there are 'serious questions' going to the merits of the dispute"). In denying Class Plaintiffs' motion for class certification, the Court addressed several novel legal issues, including the application of New York General Obligations Law Section 13-107, the parties'' evidentiary burdens with respect to addressing a potential statute of limitations defense in analyzing the predominance requirement, and the correct application of the Second Circuit's recent decision in *In re Petrobras Sec. Litig.*, 862 F.3d 250 (2d Cir. 2017). Class Plaintiffs now seek interlocutory review of these unsettled and "serious questions." *In re A2P SMS*, 2014 WL 4247744, at *2.

---

[2] In *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-09764-KPF-SN (S.D.N.Y. Jan. 22, 2018), ECF No. 450, the court stayed all pretrial deadlines pending the District Court's review of Magistrate Judge Netburn's January 10, 2018 Report & Recommendation denying class certification.

***Class Plaintiffs Will Suffer Irreparable Harm Absent A Stay And Continued Tolling***: Absent the requested relief, Class Plaintiffs will face "substantial harm" in the form of "substantial time and resources being spent on . . . dispositive motions and trial preparation" in pursuing their individual claims to summary judgment and trial. *Todd v. Tempur-Sealy Int'l, Inc*., 2016 WL 6082413, at *1 (N.D. Cal. Oct. 18, 2016); *see also Flo & Eddie, Inc. v. Sirius XM Radio, Inc*., 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015) (granting stay where party would "expend significant resources preparing for and likely actually trying" the case). Moreover, some of the named BlackRock Plaintiffs have relatively small claims in general or as to certain Bellwether Trusts, meaning that the costs of expert discovery and trial could "dwarf any recovery." *Todd*, 2016 WL 6082413 at *1, *2. A stay avoids such harms, thereby "reducing costs to parties." *Scott v. Family Dollar Stores, Inc*., 2016 WL 4267954, at *2 (W.D.N.C. Aug. 11, 2016); *see also Ewing Indus. Corp. v. Bob Wines Nursery, Inc*., 2015 WL 12979096, at *3 (M.D. Fla. Feb. 5, 2015) (granting stay where "allowing th[e] case to proceed as an individual action" pending a Rule 23(f) petition "has the potential to waste the resources of the parties and the Court"). Additionally, a stay will avoid duplicative and unnecessary litigation resulting from new filings by class members seeking to avoid adverse limitations consequences. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93 (D.D.C. 2012) ("[S]ubjecting a party to duplicative and wasteful litigation exercises is a significant harm.").

***A Stay And Tolling Will Not Prejudice HSBC***: HSBC will suffer no prejudice from a stay. Any delay of these actions is likely to be relatively minimal, given the Second Circuit's record of promptly resolving Rule 23(f) petitions. Further, because party fact discovery is essentially complete, a stay should have no effect on the preservation of documents or witness memory. Moreover, a brief extension of the tolling period will not cause any hardship for HSBC, as this case has already been pending for more than three years. *Marlo v. United Parcel Serv., Inc.,* No. CV 03-04336 DDP, Dkt. No. 695, at *14 (C.D. Cal. Aug. 6, 2008) (finding a stay pending interlocutory appeal caused no hardship to defendant where litigation had "been ongoing for several years").

***A Stay To Extend The Tolling Period Serves The Public Interest***. "A stay pending appeal will avoid unnecessary litigation and conserve judicial resources. It is therefore in the public interest." *Risinger v. SOC LLC*, 2015 WL 7573191, at *2 (D. Nev. Nov. 24, 2015). Moreover, granting a stay is the only action that will unequivocally protect all class members from acting or failing to act out of confusion. *See, e.g., In re Rail Freight*, 286 F.R.D. at 94 (granting stay of class notice where "proceeding . . . while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members.").

For these reasons, Class Plaintiffs respectfully request that this Court hold a pre-motion conference as soon as convenient, if the Court deems such a conference necessary, to address Class Plaintiffs' motions.

Honorable Lorna G. Schofield
February 27, 2018
Page 4

                                      Respectfully submitted,

| | |
|---|---|
| */s Timothy A. DeLange* | */s/ Christopher M. Wood* |
| Timothy A. DeLange | Christopher M. Wood |
| Bernstein Litowitz Berger & Grossmann LLP | Robbins Geller Rudman & Dowd LLP |
| *Counsel for Plaintiffs BlackRock Balanced Capital Portfolio (FI), et al.* | *Counsel for Plaintiff Royal Park Investments SA/NV* |